IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAIN THIRTY-NINE INVESTORS, LLC,     )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        Case No. 21-2246-JWL
                                     )
LORI DENES; JOE DENES; and           )
EQUITY TRUST COMPANY,                )
                                     )
                    Defendants.      )
                                     )
_____)

## MEMORANDUM AND ORDER

This case comes before the Court on the individual defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. #9). For the reasons set forth below, the motion, which the Court has treated as a motion for summary judgment, is **denied**.

By its complaint, plaintiff invokes this Court's diversity jurisdiction. Plaintiff is a Missouri limited liability company (LLC). For diversity purposes, defendants Lori and Joe Denes are citizens of Kansas, and defendant Equity Trust Company ("Equity") is a citizen of South Dakota and Ohio. In response to a show-cause order, plaintiff has represented that it has one member, Brent Lambi, who is a citizen of Missouri. Thus, plaintiff has asserted facts that would show complete diversity between plaintiff and defendants. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (LLC's citizenship is determined by that of its members).

Plaintiff alleges that it owned a piece of real property as its sole asset, which property it sold in January 2021. Plaintiff alleges that three individual retirement accounts (IRAs), of which the Deneses are beneficiaries and of which Equity is the custodian ("the Denes IRAs"), have economic interests (but not membership interests) in the LLC totaling ten percent, but that the parties do not agree concerning the amount of sale proceeds to which defendants are entitled. Because of that disagreement, the parties agreed to place the sale proceeds in escrow, and plaintiff has initiated the present declaratory judgment action in this Court.

By the present motion, the Deneses seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1] They argue that their IRAs are in fact members of plaintiff LLC and that the IRAs' Kansas citizenship thus makes the LLC also a citizen of Kansas, thereby destroying diversity.[2]

In considering the Deneses' challenge to its jurisdiction, the Court must first determine the manner in which it should decide the motion. A motion to dismiss pursuant to Rule 12(b)(1) generally may take one of two forms: a facial attack on the sufficiency of the complaint's allegations, in which case the allegations are accepted as true; or a factual attack based on matters outside the complaint, in which case the Court does not presume the truthfulness of the allegations, but resolves factual disputes based on evidence. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "However, a court is

---

[1] Plaintiff has filed proof of service upon the third defendant, Equity, but that party has not responded to the complaint or otherwise appeared in this action.

[2] Plaintiff does not dispute the Deneses' assertion that the IRAs are citizens of Kansas for purposes of determining diversity jurisdiction.

required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *See id.* at 1003. The focus of that inquiry is "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *See Sivoza v. National Inst. of Stds. and Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (internal quotation omitted). In its complaint, plaintiff bases its request for a declaratory judgment in part on its allegation that the Denes IRAs are not full members of the LLC with membership rights. Thus, the IRAs' relationship to the LLC and whether they are members of the LLC are at issue in the suit, and the jurisdictional issue is therefore intertwined with the merits of the case. In this case, the Deneses have made a factual attack, based on a Contribution and Admission Agreement (CAA) that they allegedly executed on behalf of their IRAs, and plaintiff has submitted additional evidence in opposing the motion. Accordingly, the Court must convert the present motion to one for summary judgment. *See Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001).[3]

In opposition to the Deneses' converted motion for summary judgment, plaintiff's burden of proof remains essentially the same – it must present evidence sufficient to establish the Court's diversity jurisdiction by a preponderance of the evidence. *See id.* The evidence is viewed in the light most favorable to the non-moving party, *see id.*, and

---

[3] In their reply brief, the Deneses did not address this standard to be applied if jurisdictional and substantive issues are intertwined. The parties' submission of evidence in support of their positions on the motion, however, provided notice to them that the motion to dismiss could be treated as one for summary judgment under Rule 56. *See Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987).

summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," *see* Fed. R. Civ. P. 56(a).

The parties have failed adequately to address a number of issues arising from the Deneses' challenge, and the Court therefore cannot resolve those issues at this time. Accordingly, the Court denies the Deneses' motion.

First, plaintiff argues that although the Denes IRAs acquired economic interests in the LLC at the time of its formation, the IRAs did not become members of the LLC. Plaintiff has not explained, however, how such an arrangement is permitted under the Missouri Limited Liability Company Act, which does not explicitly allow for non-member ownership interests in LLCs. *See* Mo. Rev. Stat. §§ 347.010-.187.  Nor has either side addressed whether such a distinction should matter for purposes of diversity jurisdiction. The Supreme Court has held that the citizenship of a non-corporate entity turns on the citizenship of its members or all persons composing the association. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  Thus, the citizenship of a limited partnership turns on the citizenship not just of the general partners, but also of all limited partners, even though only the general partners control the operation of the partnership. *See id.* at 192-96.  Similarly, the Supreme Court has held that the citizenship of a trust was to be determined by reference to its shareholder beneficiaries and not merely to the trustees controlling the trust, based on the state law under which the trust was created. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016).  In that case, the Supreme Court noted that although it had not expressly defined "members" for

4

purposes of this rule relating to unincorporated entities, it had equated an association's members with its owners.  *See id.* at 381 (citing *Carden*, 494 U.S. at 196).  One could argue in the present case, then, that under this precedent, plaintiff LLC's citizenship should be determined by the citizenship of all those holding economic interests, particularly if Missouri law does not allow for non-member owners of an LLC.  The parties have not addressed this question, however.

Second, whether the Denes IRAs became members at the time they acquired their interests in the LLC also presents a factual dispute that the parties have not adequately addressed.  Plaintiff relies on the LLC's 2004 operating agreement, which states that the entity's members are comprised of the members of the general partnership being converted to an LLC – a group that does not include the Deneses or their IRAs.  The agreement also states in Section 5.8 that those original members have consented to the issuance of new "interests" to the Denes IRAs.  The agreement defines "interest", however, as an ownership interest of a member, and Section 5.8 states that any person purchasing a new interest under that section shall be deemed admitted as a member.  Plaintiff cites Sections 10.7 and 10.8 of the agreement, which appear to recognize the possibility of a non-member owner, but those provisions apply to transferees who receive their interests from members, and thus they would not appear to apply here.  Therefore, the Court cannot agree with plaintiff that the operating agreement unambiguously made the Denes IRAs non-member owners.  The agreement is at least ambiguous in this regard.

The existence of a factual dispute is particularly evident in light of the CAA on which the Deneses rely.  That agreement states explicitly that the Denes IRAs are admitted

as members of the LLC. (and explicitly amends Exhibit A to the operating agreement, which includes a list of the LLC's members, to include the IRAs).[4]  Plaintiff's only response to this evidence from the Deneses (other than to claim never to have seen the document) is to argue that the CAA is not consistent with the terms of the operating agreement relating to the IRAs' interests.  Because the Deneses are not entitled to summary judgment, as discussed below, the Court chooses not to interpret the two agreements and their relationship to each other at this time, as facts developed during discovery concerning the execution of the two agreements may affect their construction.

Third, plaintiff argues alternatively that even if the IRAs became members when they first acquired their interests in the LLC, those memberships were later terminated.  For instance, plaintiff argues that any membership interests in the LLC were terminated when Mr. Lambi acquired his interest in the LLC and in the following years when the parties allegedly treated the real property as if owned by defendants as tenants-in-common with plaintiff LLC.[5]  Plaintiff also argues that the Deneses violated the operating agreement and applicable regulations by engaging in prohibited transactions (including the lease of the property by the Deneses' business) or possibly by allowing their property to be encumbered

---

[4] The Deneses also note that Mr. Lambi's purchase agreement states that he has acquired 90 percent of the LLC's *membership* interests.  Plaintiff responds that such language was a mistake.

[5] Plaintiff argues in favor of an exception to the statute of frauds, as plaintiff acknowledges the lack of a written agreement establishing such a tenancy.  The Court notes that plaintiff has not made any such allegation concerning ownership of the property as tenants-in-common in the complaint, in which plaintiff alleges that the Denes IRAs presently have a ten percent economic interest in the LLC (not in the real property).

as a result of lawsuits against them.[6]  Finally, plaintiff argues that Lori Denes's bankruptcy filing would cause the termination of any LLC membership interest held by her under the Missouri LLC Act.[7][8]

The Deneses have stated in their reply brief that they will not address these arguments, on the basis that such arguments are relevant only to disputes between members and that this Court lacks jurisdiction to consider them.  Because plaintiff has asserted these arguments in support of their position that the IRAs are not presently members of the LLC, however, the issues are relevant to the resolution of the Deneses' factual challenge to this Court's jurisdiction, and the Deneses were therefore obliged to address them in order to show an entitlement to summary judgment.

Indeed, all of the issues discussed herein can only be resolved upon full briefing and presentation of facts relevant to the determination of jurisdiction.  Accordingly, the Court cannot grant summary judgment in the Deneses' favor at this time, and it therefore denies the Deneses' motion.[9]

---

[6] Plaintiff has not provided evidence of any such encumbrance; rather, it appears merely to speculate based on a list of lawsuits involving the Deneses. Nor has plaintiff explained how such conduct by the Deneses would require termination of membership interests held not by the Deneses but by three IRAs.

[7] Again, the Court notes that plaintiff has failed to explain how that statute's termination provision would apply to a membership interest held by IRAs of which Lori Denes is the beneficiary.

[8] Plaintiff also argues that any claim by the Denes IRAs of membership interests under the operating agreement would be time-barred.  No party has yet claimed a breach of that agreement, however; rather, at this juncture the Deneses merely argue that the CAA made them members of the LLC.

[9] Of course, the present denial is without prejudice, as the Court is not foreclosing the possibility of a dismissal for lack of jurisdiction.  The Court merely concludes that the Continued…

IT IS THEREFORE ORDERED BY THE COURT THAT the individual defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. # 9) is hereby **denied**.

IT IS SO ORDERED.

Dated this 8th day of October, 2021, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge

---

Deneses have not shown that they are entitled to summary judgment on the basis of their factual attack at this time.  If the Court determines at any point during the litigation that it lacks subject matter jurisdiction, the Court will dismiss the action.  Because the jurisdictional issue is intertwined with the merits, however, the resolution of that issue may have to await resolution of the substantive claims.  In the meantime, because plaintiff has asserted facts sufficient to make a facial showing that its citizenship is diverse from that of defendants, the Court will continue to exercise jurisdiction over this case.